In the Matter of H. R. WEISSBERG CORPORATION, Debtor.

UNITED STATES of America, Plaintiff-Appellant,

v.

Harry A. ASH, Trustee, Defendant-Appellee.

No. 71-1309.

United States Court of Appeals, Seventh Circuit.

April 3, 1972.

Johnnie M. Walters, Asst. Atty. Gen., Issie Jenkins, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., James R. Thompson, U. S. Atty., Chicago, Ill., Gilbert E. Andrews, Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant; William J. Bauer, U. S. Atty., of counsel.

Leonard Gesas, Chicago, Ill., for defendant-appellee.

Before DUFFY, Senior Circuit Judge; STEVENS, Circuit Judge; and GRANT*, District Judge.

GRANT, District Judge.

Appellee was appointed Trustee of the debtor Corporation ordered into Chapter X reorganization proceedings under the Bankruptcy Act. The government filed proofs of claims for taxes in said proceedings, following which appellee was served with a "10-day letter" informing him of proposed assessments as a responsible officer of two subsidiary hotel corporations held by the debtor. The assessments were levied pursuant to Section 6672 of the Internal Revenue Code of 1954 which provides a penalty for failure to pay over withheld taxes in an amount equal to the sum of the delinquency; under the Code, the penalty becomes the personal liability of an officer responsible for the collection of withholding taxes.

The appellee, as Trustee of the parent corporate debtor, then petitioned the district court for a restraining order prohibiting the government's assessment proceedings and, pursuant to the parties' oral stipulation, an order was entered on July 31, 1970, and continued in effect through September, 1970. On October 9, 1970, the court reaffirmed the order over appellant's objections and the order and a hearing were subsequently extended. Appellant asserts that a court order entered January 8, 1971, continuing the restraining order for an additional 90 days was tantamount to the grant of a preliminary injunction and is appealable as an interlocutory order under the provisions of 28 U.S.C. § 1292.

Appellant argues that the government's assessment against appellee as a responsible officer of subsidiaries owned by the debtor corporation is an independent cause of action for personal liability, appellee's status as Trustee notwithstanding. Accordingly, appellant maintains that the bankruptcy court lacks jurisdiction over the matter, and that the restraining order entered below violates Section 7421 of the Internal Revenue Code prohibiting enjoining collection of taxes as well as the principles of equity inherent in Rule 65(b) of the Federal Rules of Civil Procedure. Appellee takes the position that the assessments are in the nature of a disputed tax claim against the debtor within the meaning of the Bankruptcy Act (11 U.S.C. § 11(a) (15)), and that absent some functional relationship with the subsidiary companies, other than as Trustee of the parent debtor corporation, the government's claim is within the jurisdiction of the bankruptcy court.

 We are not in position to determine the merits of the above set

---

* Chief District Robert A. Grant of the Northern District of Indiana is sitting by designation.

forth arguments as the record on appeal is devoid of any findings with respect to the jurisdictional issue raised. Clearly the Bankruptcy Act vests the court with great latitude to protect the assets of the debtor's estate including the use of equitable remedies to insure maintenance of the status quo. In re Lustron Corp., 184 F.2d 789 (7th Cir. 1950). The powers in equity, however, may not be exercised over matters unrelated to the debtor's estate. 1 Collier on Bankruptcy ¶ 2.09. The issue presented—whether or not the tax claims affect the debtor corporation's interests—begs the question left unanswered by the district court. Both parties seem to concede that the answer to this query turns upon a review of the appellee's relationship with the subsidiary corporations, a matter best left to a hearing in the district court.

Our view of the record, such as it is, does not compel ordering the injunction vacated at this time. However, we remand the cause for an expeditious hearing and entry of findings in the district court.