**Jay A. STEINBERG, Interim Trustee, Plaintiff,**

v.

**Michael ESPOSITO, Defendant.**

**Bankruptcy Nos. 81 A 4018, 82 A 3891 (80 B 3696).**

United States District Court, N.D. Illinois, E.D.

Sept. 12, 1983.

---

Jay A. Steinberg, Spiegel, Steinberg & DeMars, John H. Anderson and Christopher A. Hansen, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff.

Michael Esposito, River Forest, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff ("trustee"), the interim trustee in bankruptcy for Pioneer Development Corporation ("Pioneer"), brought these adversary proceedings to recover from defendant Michael Esposito ("Esposito") a promissory note in the amount of $270,000 ("the note") allegedly fraudulently transferred to Esposito by the debtor, Pioneer. Claiming to be the rightful owner of the note, Esposito filed suit in the Circuit Court of Cook County against the makers of the note.[1] By order dated November 15, 1982, Judge Fisher (the bankruptcy judge to which the federal bankruptcy proceedings in this matter were assigned) entered a temporary restraining order enjoining Esposito from proceeding in any manner on his state court action. The order has been extended from time to time by Judge Fisher to the present.[2] Presently before this Court is a motion by Esposito to dissolve the TRO and to withdraw reference of the adversary proceedings. Because Esposito provides no support for his request to withdraw reference, that aspect of his motion will be summarily denied. The motion to dissolve the TRO will be denied for the reasons set forth below.[3]

■ The bankruptcy court is vested with great latitude to protect the assets of the debtor's estate, including the use of equitable remedies to ensure maintenance of the status quo. *In the Matter of H.R. Weissberg Corp.*, 458 F.2d 975, 977 (7th Cir.1972). *See* 11 U.S.C. § 105. The note herein at issue is allegedly property of the bankrupt estate, and Judge Fisher's order was clearly intended to protect the assets of the debtor's estate and thus preserve his jurisdiction over the property.

■ Where, as here, a temporary restraining order is continued in effect beyond the time permissible under Rule 65 of the Federal Rules of Civil Procedure, it must conform to the standards applicable to a preliminary injunction. *Sampson v. Murray*, 415 U.S. 61, 88, 94 S.Ct. 937, 951, 39 L.Ed.2d 166 (1974); *McDermott, Inc. v. Wheelabrator-Frye, Inc.*, 649 F.2d 489, 492 n. 5 (7th Cir.1980). Four factors govern the granting of a preliminary injunction:

(1) whether the plaintiff has at least a reasonable likelihood of success on the merits;

(2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not enter;

(3) whether the threatened injury to the plaintiff outweighs the threatened harm the injunction may inflict on the defendant; and

(4) whether the granting of a preliminary injunction will disserve the public interest.

*Wesley-Jensen Division of Schering Corp. v. Bausch & Lomb, Inc.*, 698 F.2d 862, 864 (7th Cir.1982).

■ In each of his orders extending the TRO, Judge Fisher expressly found that Pioneer's creditors, including Blue Island, would be irreparably harmed by loss of the proceeds of the note if Esposito were to proceed with his state court action before the federal hearing on title to the note is concluded. At the same time, Esposito will not be harmed by the restraining order even if it is eventually determined that he is the rightful owner of the note, as the note's proceeds are currently being paid into an interest bearing escrow account. We find Judge Fisher's reasoning on the relative hardships of the restraining order to be sound. Moreover, although we do not

---

1. *Michael Esposito v. Ireland's of Chicago, et al.*, 80 L 12571.

2. Judge Fisher has begun a hearing on the question of title to the promissory note, but apparently due to the crowded bankruptcy docket, the hearing has been continually interrupted and has not been completed.

3. Intervenor First National Bank of Blue Island ("Blue Island"), which claims that it either owns or has a security interest in the note, joins the trustee in opposing Esposito's motion.

have a sufficient record before us to make an informed decision concerning likelihood of success on the merits (*i.e.*, in whom rightful title to the note rests),[4] we note the strong public interest in resolving bankruptcy matters in a comprehensive, consolidated proceeding. The issues surrounding the note, *i.e.* the trustee's claim that the note is a fraudulently conveyed asset of the bankrupt's estate and Blue Island's assertion of a security interest in the note, are clearly appropriate for resolution in the bankruptcy court, and the ability of the bankruptcy court to determine these issues would be undermined by pursuit of Esposito's suit in state court.[5]

For these reasons, Esposito's motion for dissolution of the restraining order and withdrawal of reference is denied. It is so ordered.

---

4. We note that Judge Fisher has had the benefit of 6 days of hearings, 400 pages of transcript and 45 exhibits in considering recent extensions of the restraining order.

5. Although we do not reach the trustee's argument that Esposito's appeal to this Court should fail for non-compliance with Bankruptcy Rule 8001(b)'s notice of appeal provision, we note that Rule 8002(b) provides that if notice of appeal is mistakenly filed with the district court, the clerk of that court shall transmit it to the bankruptcy court and it shall be deemed filed.